IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02087-BNB

JEFFERY L. ELLIS,

    Applicant,

v.

RENE G. GARCIA,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 18 2011

GREGORY C. LANGHAM
                 CLERK

## ORDER OF DISMISSAL

Applicant, Jeffery L. Ellis, is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the Federal Correctional Institution in Englewood, Colorado. He initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in which he challenges the validity of a sentence imposed by the United States District Court for the Northern District of Illinois. On September 12, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Ellis to respond and show cause why the application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. Mr. Ellis filed a partial objection to the September 12 Order on September 20, 2011. The objection was over-ruled on September 26, 2011. Mr. Ellis filed a response to the Order to Show Cause on October 6, 2011.

The Court must construe Mr. Ellis' Application liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be

an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss this action.

The Court's PACER docketing service indicates that Mr. Ellis was convicted by a jury in the United States District Court for the Northern District of Illinois in Case No. 96-cr-50053 of one count of violation of 18 U.S.C. § 922(g)(1). He was sentenced to a 288-month term of imprisonment with the BOP, followed by a 36-month term of supervised release. The Seventh Circuit dismissed Applicant's direct appeal of his conviction and sentence. Mr. Ellis thereafter filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied summarily by the Northern District of Illinois in Case No. 98-cv-50354 on December 29, 1998. The Seventh Circuit affirmed on June 13, 2000. Mr. Ellis then filed a § 2241 application in the United States District Court for the Western District of Wisconsin in 2008 challenging the constitutionality of the federal gun law under which he was convicted. The federal district court dismissed the § 2241 application for lack of subject matter jurisdiction. **See Ellis v. Holinka**, No. 08-cv-120-bbc, 2008 WL 4614669 (W.D. Wis. April 3, 2008) (unpublished).

Mr. Ellis asserts in the instant § 2241 Application that "his mandatory guideline range was 100-125 months not the 288 months [imposed] by the sentencing court on judge found facts." Application, at 1. He claims that trial counsel was ineffective in failing to challenge the enhancement of his sentence under 18 U.S.C. § 924(e)(1) by his five prior expired state felony convictions. *Id.* He further claims that he is serving a longer sentence because of counsel's errors, and the commencement of his term of supervised release has been delayed. *Id.* Mr. Ellis asserts that his continued custody

2

violates the Constitution. *Id.* at 4.

Mr. Ellis appears to be challenging the validity of the sentence of imprisonment imposed by the United States District Court for the Eastern District of Illinois. "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." **Bradshaw v. Story**, 86 F.3d 164, 166 (10th Cir. 1996) (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." **Johnson v. Taylor**, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241, which attacks the execution of a sentence "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." **Williams v. United States**, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." **Johnson**, 347 F.2d at 366.

The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." **Caravalho v. Pugh**, 177 F.3d 1177, 1178 (10th Cir. 1999); *see also* **Brace v. U.S.**, 634 F.3d 1167, 1169 (10th Cir. 2011) ("§ 2255 will rarely be an inadequate or ineffective remedy to challenge a conviction.").

Mr. Ellis fails to demonstrate that his remedy under § 2255 is inadequate or ineffective. *See* **Prost v. Anderson**, 636 F.3d 578, 584 (10th Cir. 2011) (the prisoner bears the burden to demonstrate that the remedy available to him pursuant to § 2255 is

3

inadequate or ineffective) (internal citation omitted). That he has sought and been denied relief pursuant to § 2255 does not mean that the remedy provided in § 2255 is inadequate or ineffective. See *Williams*, 323 F.2d at 673. Furthermore, the fact that Mr. Ellis likely is barred from raising his claims in a second or successive motion pursuant to § 2255, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. See *Caravalho*, 177 F.3d at 1179. The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *Caravalho*, 177 F.3d at 1178. However, Applicant does not allege any of these circumstances.

Mr. Ellis asserts in his Response to the Order to Show Cause that his remedy under § 2255 is inadequate because at the time he filed his initial motion for post-conviction relief, his term of supervised release had not yet commenced, and, therefore, any claim challenging the supervised release portion of his sentence would have been premature. Applicant cites several cases in his Response, none of which support his argument. In addition, the Court notes that the Application does not challenge directly the term of supervise release imposed by the sentencing court. Instead, Applicant asserts that the commencement of supervised release was delayed as a result of the illegal sentence of imprisonment. In any event, Applicant could have raised his claim in his initial § 2255 proceeding and has therefore failed to demonstrate that his remedy in the sentencing court is inadequate or ineffective. See, e.g. *U.S. v. Alamillo*, 941 F.2d 1085, 1086 (10th Cir. 1991) (affirming district court's denial of motion for relief under

§ 2255 and rejecting defendant's claim that the sentencing court's imposition of a period of supervised release following a three-year term of imprisonment violated double jeopardy principles); *accord* ***United States v. Bustillos***, 31 F.3d 931, 933 (10th Cir. 1994) (a petitioner is considered "in custody" under § 2255 for any sentence he is currently serving or for any sentence that "has been ordered to run consecutively to another sentence under which the defendant is in custody at the time of filing the challenge."); ***Peyton v. Rowe***, 391 U.S. 54, 67 (1968) (holding that a "prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of [§ ] 2241(c)(3)"). Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Ellis fails to demonstrate that the remedy available to him in the United States District Court for the Northern District of Illinois is ineffective or inadequate to test the legality of his detention.

DATED at Denver, Colorado, this __18th__ day of __October__, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02087-BNB

Jeffery L Ellis
Reg. No. 08685-424
FCI Englewood
9595 W Quincy Ave
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on October 18, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
        Deputy Clerk